JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAMES ("JIM") L. ALLEN, an individual

## DEFENDANTS
HOT TRANSPORTATION, INC., a Florida corporation, and IVAN KOTYK, an individual

**(b)** County of Residence of First Listed Plaintiff: **Washington**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Lee [Florida]**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joe R. Traylor, Hart Wagner, LLP
1000 SW Broadway, 20th Floor
Portland, OR 97205    [503] 222-4499

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
|  |  |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI |  |
|  |  | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  |  | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |
|  | / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 (a)(1)

Brief description of cause:
Personal Injury and Property Damage due to motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 255,305.07
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 10-10-19
SIGNATURE OF ATTORNEY OF RECORD: /s/ Joe R. Traylor

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Joe R. Traylor, OSB No. 964412
E-mail: jrt@hartwagner.com
**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: 503.222.4499
Facsimile: 503.222.2301

    Of Attorneys for Plaintiff James (Jim) L. Allen

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JAMES ("JIM") L. ALLEN, an individual, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| HOT TRANSPORTATION, INC., a Florida corporation, and **IVAN KOTYK**, an individual, | (Negligence – Personal Injury and Property Damage) |
| Defendants. | **JURY TRIAL DEMANDED** |

## NATURE OF THE CASE

1.    This is a personal injury action arising out of an automobile accident that occurred on Interstate 5 in Washington County, Oregon. The Court has jurisdiction based on the diversity of the parties and the amount at issue in the suit.

## PARTIES

2.    Plaintiff is a citizen of the State of Oregon.

3.    Defendant Hot Transportation, Inc. ("Hot Transport") is a Florida corporation with its principal place of business in Illinois.

4.    Defendant Ivan Kotyk is a citizen of the State of Washington.

Page 1 - **COMPLAINT**

**HART WAGNER LLP**
Attorneys at Law
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

## JURISDICTION AND VENUE

5.  Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Oregon. Defendant Hot Transport is a Florida corporation with its principal place of business in Illinois. Defendant Ivan Kotyk is a citizen of Washington. Complete diversity exists between plaintiff and all defendants. As set forth below, the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

6.  Venue is proper in this judicial district under 28 U.S.C § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim—the automobile accident at issue—occurred in this judicial district.

7.  Pursuant to LR 3-2, divisional venue lies in the Portland Division, because the accident at issue occurred in Washington County, Oregon.

## FACTS

8.  On or about November 16, 2017, plaintiff was driving his 2014 Nissan Pathfinder to transport his neighbors, Justin, Tracy, and Madison Speer, to the Portland International Airport. Plaintiff and the Speers were traveling northbound on Interstate 5 in Washington County, Oregon.

9.  On or about November 16, 2017, David Carnley was also traveling northbound on Interstate 5 in a full-size pickup truck, following plaintiff's vehicle.

10. On or about November 16, 2017, defendant Kotyk was operating a Volvo semi-truck and trailer northbound on Interstate 5, in the course and scope of his employment for Hot Transport. Defendant Kotyk's semi-truck and trailer were following Mr. Carnley's truck.

11. Plaintiff came to a stop in traffic. Defendant Kotyk failed to stop, and his vehicle collided with the back of the pickup truck driven by Mr. Carnley. The collision pushed the

Page 2 - COMPLAINT

HART WAGNER LLP
Attorneys at Law
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

pickup truck into the rear of plaintiff's Nissan Pathfinder, causing significant damage to the Pathfinder and injuries to all of its passengers.

12.    At all material times herein defendant Kotyk was operating his Volvo semi-truck and trailer in the course and scope of his employment for Hot Transport.

## CLAIM FOR RELIEF

### (Negligence - Against All Defendants)

13.    Plaintiff incorporates paragraphs 1 through 12 as if fully realleged herein.

14.    The collision described above between defendant Kotyk, Carnley, and plaintiff was caused solely by defendant Kotyk's negligence in one or more of the following particulars:

  (a) In failing to operate his semi-truck at appropriate speed for the circumstances then existing;

  (b) In failing to keep a proper lookout for traffic slowing and stopping ahead of him on the freeway; and/or

  (c) In failing to keep proper control over his Volvo semi-truck, causing it to collide with Carnley's pickup truck and pushing the pickup truck into plaintiff's vehicle.

15.    Defendant Hot Transport is vicariously liable for defendant Kotyk's negligence, because defendant Kotyk was operating his Volvo semi-truck and trailer in the course and scope of his employment for Hot Transport at all relevant times.

16.    As a direct and foreseeable result of the collision and defendants' negligence, plaintiff suffered physical injuries to his low back, mid back, upper back, hips, shoulders, neck, and pain and soreness through his body and incurred reasonable and necessary expenses for past medical expenses, resistance bands, exercise equipment, and massagers in the amount of $17,811.00. Plaintiff also incurred mileage expense traveling to and from medical appointments in the amount of $494.07.

Page 3 - COMPLAINT

HART WAGNER LLP
Attorneys at Law
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

17. As a direct and foreseeable result of the collision and defendants' negligence, plaintiff will incur future reasonable and necessary medical expense in the amount of $5,000. Plaintiff reserves the right to amend this amount prior to the time of trial.

18. As a direct and foreseeable result of the collision and defendants' negligence, plaintiff lost time from work due to his injuries and incurred economic loss for wage loss in an amount not to exceed $5,000.

19. As a direct and foreseeable result of the collision and defendants' negligence, plaintiff's vehicle sustained significant property damage and was totaled. Although plaintiff received payment for the value of the vehicle, he suffered damage in the amount of $2,000.00, as he was not reimbursed in full for the cost of aftermarket wheels and tires which were installed on the Nissan Pathfinder.

20. As a direct and foreseeable result of the collision and defendants' negligence, plaintiff suffered physical injuries to his low back, mid back, upper back, hips, shoulders, neck, and pain and soreness through his body, causing him pain, discomfort, inconvenience, and interference with his usual activities on a permanent basis, all to his noneconomic damages in the amount of $225,000.

## DEMAND FOR JURY TRIAL

21. Plaintiff demands a jury trial on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants as follows:

(a) Medical and equipment expenses in the amount of $17,811.00;

(b) Mileage expenses in the amount of $494.07.

(c) Future medical expenses in the amount of $5,000;

(c) Wage loss in the amount of $5,000;

(d) Economic damages for property damage in the amount of $2,000;

Page 4 - COMPLAINT

HART WAGNER LLP
Attorneys at Law
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

(e) Non-economic damages for pain and suffering in the amount of $225,000; and

(f) Such further relief as the Court deems appropriate.

Respectfully submitted this 10th day of October, 2019.

HART WAGNER LLP

By: _____
Joe R. Traylor, OSB No. 964412
jrt@hartwagner.com
Of Attorneys for Plaintiffs

Page 5 - COMPLAINT

HART WAGNER LLP
Attorneys at Law
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301